JOHN SADOWSKI, Respondent, v. LONG ISLAND RAILROAD COMPANY, Appellant.— Action to recover damages for personal injuries suffered by plaintiff during the course of his employment with the defendant. Part of the plaintiff's duties required him to shovel sand through a screen, and in such process he inhaled silica particles. Upon the appeal to this court the judgment in favor of plaintiff was reversed on the law and the complaint dismissed, on the holding that there was no evidence of negligence by defendant. (Sadowski v. Long Island R. R. Co., 266 App. Div. 782.) Upon appeal to the Court of Appeals this court's order was reversed (292 N. Y. 448) and the case has been remitted to this court to decide the questions of fact raised on the former appeal. The judgment in favor of plaintiff is unanimously affirmed, with costs. The findings of fact implicit in the verdict of the jury are affirmed. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ.

THE SCARSDALE INQUIRER, INC., Respondent, v. SCARSDALE IMPROVEMENT CORPORATION, Appellant. (Action No. 1.) — Appeal by defendant from a judgment in favor of the plaintiff for an injunction and money damages. Judgment, insofar as appealed from, and order denying motion by defendant to reopen the case for the purpose of presenting further evidence on the subject of liability, unanimously affirmed, with costs. No opinion. Present — Close, P. J., Hagarty, Adel and Aldrich, JJ.; Carswell, J., not voting.

GEORGE G. SCHNEIDER, Respondent, v. WILLIAM A. SCHNEIDER, Appellant, et al., Defendants.— Action to recover damages for personal injuries sustained while plaintiff was riding in an automobile operated by the appellant. Order setting aside verdict in favor of appellant, insofar as appealed from, unanimously affirmed, with costs. No opinion. Present — Hagarty, Acting P. J., Carswell, Adel, Lewis and Aldrich, JJ.

HELDING SVENSON, Appellant, v. ANTHONY ZAKROCKI, Respondent, et al., Defendants.— Plaintiff was injured as the result of a collision while riding as a passenger in respondent's car, driven by one Flohr. Respondent had delivered the car to Flohr, an automobile mechanic and repairman, for the purpose of making repairs, knowing that a road test would be necessary, but without specific instructions that passengers should not be taken in the car. Flohr made a trip with the car, during which he made tests. He had invited as passengers the plaintiff, who was not a mechanic and knew nothing about automobiles, and Flohr's wife and baby, without the knowledge of the respondent. While on this trip, the accident occurred. Judgment dismissing the complaint on the merits unanimously affirmed, with costs. It was not the intention of the Legislature that the provisions of section 59 of the Vehicle and Traffic Law should insure the safety of passengers riding in a car which had been left in the custody of a repairman for the purpose of making repairs, when the passengers were in the car for their own benefit and enjoyment through no invitation of the owner, express or implied, but through the invitation of the repairman, who had no authority, express or implied, to invite them. Such an owner reasonably could not have contemplated or anticipated that his car would be used upon the street or roadway for any such purpose. Present — Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ.