■ LILLIAN CAHILL, Appellant, v FRED E. LISWOOD, Respondent, et al., Defendant.—In a medical malpractice action, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered April 6, 1977, which is in favor of defendant Liswood, upon the trial court's dismissal of the complaint as against the said defendant at the close of the plaintiff's case, at a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. In October, 1971 defendant-respondent operated upon plaintiff-appellant's toe to remove bone tissue which was causing her pain. According to the plaintiff's allegations, the operation was performed negligently in that an X ray was not taken immediately after the operation to determine whether any bone fragments remained in the toe. At the trial, one of plaintiff's medical experts, Dr. Estersohn, testified that in his opinion, an X ray should have been taken of the plaintiff's foot immediately after the surgery to determine whether any bone particles were left in place. If such an X ray had been taken, respondent could have immediately removed those fragments. Accordingly, the failure of respondent to do so constituted a deviation from standard practices. Dr. Estersohn further testified that an X ray taken one month after the surgery revealed that a loose bone fragment had been left in the plaintiff's toe. Dr. Estersohn stated that if such a fragment does not dissolve by itself, it becomes covered with scar-type tissue which is painful to the patient. Plaintiff's second medical expert, Dr. Sherman, testified that he performed surgery upon plaintiff's toe in March, 1973 to remove scar tissue. In his opinion, the surgery he performed was necessitated by the surgery performed by the respondent in October, 1971. On a motion at the close of the plaintiff's case, "the test * * * is not whether [a] plaintiff's verdict would have to be set aside as contrary to the weight of [the] credible evidence, but whether the trial court could hold that there was no rational process by which the jury could have found for the plaintiff" (Parvi v City of Kingston, 51 AD2d 846, 847). Upon this record,

there is an issue of fact as to whether plaintiff was accorded proper treatment by respondent when he operated upon her toe (see *Calvaruso v Our Lady of Peace R. C. Church,* 36 AD2d 755). There is also a factual question as to whether there had been an informed consent after reasonable disclosure to plaintiff of the risks involved (see *Zeleznik v Jewish Chronic Disease Hosp.,* 47 AD2d 199). Damiani, J. P., Suozzi, Gulotta and O'Connor, JJ., concur.