■ GIFFORD CONSTRUCTION COMPANY, INC., Appellant, v JOSEPH ZANGHI CONSTRUCTION CORP. et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. TWO BROTHERS EXCAVATING, INC., Third-Party Defendant-Respondent. — In an action to recover damages for breach of contract and on the theory of *quantum meruit,* (1) plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Suffolk County (Corso, J.), entered December 17, 1982, as granted defendants' motion to dismiss the amended complaint at the close of plaintiff's case and (2) defendants third-party plaintiffs appeal from so much of the same judgment as dismissed the third-party complaint. ¶ Judgment reversed, the amended complaint and third-party complaint reinstated and new trial granted, with costs to abide the event. ¶ The sole question before this court is whether plaintiff has presented sufficient evidence to make out a prima facie case. Questions of credibility or defenses raised are therefore irrelevant, and the evidence must be considered in the light most favorable to plaintiff (*Rhabb v New York City Housing Auth.,* 41 NY2d 200; *Cahill v Liswood,* 61 AD2d 782). ¶ Defendant Joseph Zanghi Construction Corp. (Zanghi) was awarded a contract by New York City to remove and spread an estimated 300,000 cubic yards of material at Fresh Kills, Staten Island. Plaintiff entered into two subcontracts with Zanghi to

perform this work. Plaintiff's principal, George Gifford, testified that at the time the subcontracts were executed the parties knew that the city might exercise its option to increase the amount of material to be moved by 20%, and intended that if there were such an increase, plaintiff would be responsible for moving that additional amount. According to plaintiff the wording of the subcontracts, which stated that the precise amount moved would be determined by the city, and that plaintiff would supply *"all* the labor, equipment and materials necessary to perform and complete in *totality* the work as required and described in the plans and specification for said project" (emphasis added), was meant to encompass any increase. The city did exercise that option, and the master contract, which was incorporated into the subcontract by reference, provided for the removal of 360,000 cubic yards of material. ¶ Some time later the city authorized Zanghi to construct a berm at the site, which involved moving an additional 80,000 cubic yards of material. This was termed by the city as "an overrun on [Zanghi's] existing contract". Mr. Gifford testified that plaintiff was responsible for that work as well, and two of his employees testified that they worked on the construction of the berm. ¶ After the job was completed, the total amount of material moved, as calculated by the city, was approximately 440,000 cubic yards. The parties agree that plaintiff was paid for the removal of 300,000 cubic yards, and plaintiff has allowed another subcontractor, Two Brothers Excavating, Inc., a credit for 50,000 cubic yards. Consequently, the instant conflict revolves around the remaining 90,000 cubic yards. ¶ Plaintiff's evidence raises a factual issue as to whether it is entitled to payment for the additional 90,000 cubic yards of material that was removed. Accordingly, the trial court erred in dismissing the amended complaint after the presentation of plaintiff's case. Since the amended complaint is being reinstated the third-party complaint shall also be reinstated. Bracken, J. P., Niehoff, Rubin and Boyers, JJ., concur.