■ JULIE GONZALEZ, Respondent, v DAVID GONZALEZ, Appellant. [691 NYS2d 122] —In an action for a divorce and ancillary relief, the defendant husband appeals (1) from an order of the Supreme Court, Queens County (Flug, J.), dated March 2, 1998, which, at the close of his case, granted the plaintiff wife's oral motion to dismiss his counterclaim for divorce on the ground of constructive abandonment for failure to prove a prima facie case, (2) from an order of the same court dated April 28, 1998, which granted the plaintiff's motion for an award of an attorney's fee to the extent of directing a hearing on that issue, (3) from an order of the same court, dated June 11, 1998, which

granted the plaintiff's motion to increase the amount of the attorney's fee sought to be recovered, and (4), as limited by his brief, from so much of a judgment of the same court, entered March 24, 1999, as, after trial, and upon the order dated March 2, 1998, dismissed his counterclaim for divorce on the ground of constructive abandonment for failure to prove a prima facie case.

Ordered that the appeals from the orders dated April 28, 1998, and June 11, 1998, are dismissed as withdrawn; and it is further,

Ordered that the appeal from the order dated March 2, 1998, is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, the motion to dismiss the counterclaim is denied, the counterclaim is severed, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the counterclaim; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order dated March 2, 1998, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in that action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The Supreme Court erred in dismissing the appellant's counterclaim for a divorce on the ground of constructive abandonment for failure to prove a prima facie case. The appellant testified that from December 1980 through February 1982, the plaintiff continuously and unjustifiably refused to engage in sexual relations with him, despite repeated requests made by him through that period. Although the appellant was unable to specify particular dates, he testified that the refusals occurred approximately 100 times.

In determining a motion to dismiss for failure to establish a prima facie case, the evidence must be accepted as true and given the benefit of every reasonable inference which may be drawn therefrom (*see, Wai Foon Chan v Yuk Sim Chan,* 193 AD2d 575). The question of credibility is irrelevant, and should not be considered (*see, Sadowski v Long Is. R. R. Co.,* 292 NY 448, *on remand* 268 App Div 777; *Gifford Constr. Co. v Zanghi Constr. Corp.,* 101 AD2d 825). Viewing the appellant's testimony in a light most favorable to him, and accepting that testimony as true, we conclude that his testimony established

a prima facie case (*see, Wai Foon Chan v Yuk Sim Chan, supra*; *Gunn v Gunn,* 143 AD2d 393).

Accordingly, the judgment is reversed insofar as appealed from and a new trial is granted on the counterclaim. Ritter, J. P., Joy, Goldstein and Schmidt, JJ., concur.