In the Matter of SALIMATA AWOLEKE, Appellant, v SAMUEL AWOLEKE, Respondent. [912 NYS2d 642]—

In a family offense proceeding pursuant to Family Court Act article 8, Salimata Awoleke appeals from an order of the Family Court, Queens County (O'Connor, J.), dated March 27, 2009, which granted Samuel Awoleke's motion to dismiss the petition for her failure to establish a prima facie case.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for further proceedings before another Judge in accordance herewith.

On April 12, 2007, Salimata Awoleke (hereinafter the petitioner) filed a family offense petition against Samuel Awoleke (hereinafter the respondent) alleging, inter alia, that on April 11, 2007, he had followed and verbally threatened her after the parties left the Supreme Court, Queens County, upon settling their divorce action. The Family Court issued a temporary order of protection which was extended numerous times until March 10, 2009. On that date, both parties appeared and were represented by counsel. The petitioner commenced her testimony in support of the petition and the matter was continued to March 27, 2009. After the petitioner concluded her testimony, she rested her case. The Family Court granted the respondent's motion to dismiss the petition on the ground that the petitioner failed to establish a prima facie case. The petitioner appeals. We reverse.

On a motion to dismiss for failure to establish a prima facie case, the petitioner's evidence must be accepted as true and afforded the benefit of every reasonable inference which may be drawn from it (*see Matter of Ramroop v Ramsagar*, 74 AD3d 1208 [2010]; *Gonzalez v Gonzalez*, 262 AD2d 281, 282 [1999]). Moreover, such a motion should not be granted merely because there is an issue of credibility or there are inconsistencies in the proof (*id.*). Here, the Family Court failed to properly apply this standard in dismissing the petition for failure to establish a prima facie case. Viewing the petitioner's testimony and other evidence in a light most favorable to her, and accepting all the evidence she presented as true, she established a prima facie case (*see Matter of Ramroop v Ramsagar*, 74 AD3d 1208 [2010]). Accordingly, the Family Court should have denied the respondent's motion. Therefore, we reinstate the petition and remit the matter to the Family Court, Queens County, for a new fact-finding hearing and determination of the petition. Under the

circumstances of this case, we deem it appropriate that the new hearing should be held before a different judge. Mastro, J.P., Dillon, Eng and Chambers, JJ., concur.