In the Matter of Jessica C. Graham, Appellant, v Charles T. Rawley, Respondent. (Appeal Nos. 1, 2, and 3.) In the Matter of Charles T. Rawley, Respondent, v Jessica Graham, Appellant. (Appeal No. 4.) [48 NYS3d 783]—Appeals by the mother from three orders of the Family Court, Richmond County (Alison M. Hamanjian, Ct. Atty. Ref.), all dated February 9, 2016, and an order of the same court (Karen B. Wolff, J.), dated February 24, 2016. The orders dated February 9, 2016, dismissed the mother's family offense petition and related motions, without prejudice. The order dated February 24, 2016, denied the mother's motion to vacate a prior custody order.

Ordered that the orders are affirmed, without costs or disbursements.

In March 2015, the Family Court, Richmond County, awarded custody of the parties' child to the father, who resided in the State of New Jersey. The father and the child had been residing in New Jersey since November 2013. The mother subsequently initiated a separate child custody proceeding in New Jersey. In May 2015, the New Jersey Superior Court determined that New Jersey was the state of exclusive, continuing jurisdiction, and ordered that the child remain in the custody of the father. Thereafter, in December 2015, the mother filed a family offense petition against the father in the Family Court, Richmond County, and moved for relief related to that petition. Two months later, the mother filed a motion in the same court to vacate the father's order of custody. The Family Court dismissed the mother's family offense petition and related motions without prejudice, and denied her motion to vacate the order of custody. The mother appeals.

The Family Court properly dismissed, for failure to state a

cause of action, the mother's family offense petition without a hearing. Contrary to the mother's contention, the petition was conclusory, devoid of specificity, and failed to allege conduct that would constitute a family offense (see Matter of Marino v Marino, 110 AD3d 887, 888 [2013]; Matter of Price v Jenkins, 92 AD3d 787, 787 [2012]; Matter of Vasciannio v Nedrick, 305 AD2d 420, 421 [2003]).

Further, contrary to the mother's contention, the Family Court properly determined that it did not have jurisdiction to vacate the March 2015 order of custody because at the time she moved for this relief, there was a proceeding relating to custody and visitation pending in New Jersey (see Domestic Relations Law § 76-e). Accordingly, the mother's motion was properly denied. Rivera, J.P., Sgroi, Duffy and Brathwaite Nelson, JJ., concur.