In the Matter of DIANE MACK, Appellant, v HAROLD RICHARDSON, Respondent. [51 NYS3d 424]—

Appeal by the petitioner from an order of the Family Court, Kings County (Sharon A. Bourne-Clarke, J.), dated March 29, 2016. The order, upon the granting of the respondent's motion, made at the close of the petitioner's case, to dismiss the petition for failure to make out a prima facie case, dismissed the petition.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, the motion is

denied, and the matter is remitted to the Family Court, Kings County, for a new fact-finding hearing and determination on the petition.

In 2015, the petitioner commenced this family offense proceeding against her former boyfriend, the respondent. The Family Court conducted a hearing on the petition and, at the conclusion of the petitioner's case, granted the respondent's motion to dismiss her petition for failure to establish a prima facie case. We reverse.

"A family offense must be established by a fair preponderance of the evidence" (*Matter of Sealy v Sealy*, 134 AD3d 725, 725 [2015]; *see* Family Ct Act § 832). " 'In determining a motion to dismiss for failure to establish a prima facie case, the evidence must be accepted as true and given the benefit of every reasonable inference which may be drawn therefrom . . . The question of credibility is irrelevant, and should not be considered' " (*Matter of Ramroop v Ramsagar*, 74 AD3d 1208, 1209 [2010], quoting *Gonzalez v Gonzalez*, 262 AD2d 281, 282 [1999]). Here, the Family Court failed to properly apply this standard. Viewing the petitioner's evidence in a light most favorable to her, and accepting the evidence as true, it established a prima facie case (*see Matter of Prezioso v Prezioso*, 79 AD3d 1043, 1043-1044 [2010]; *Matter of Awoleke v Awoleke*, 79 AD3d 743, 743 [2010]; *Matter of Ramroop v Ramsagar*, 74 AD3d at 1209).

The respondent's remaining contention is without merit.

Accordingly, the respondent's motion to dismiss the petition for failure to establish a prima facie case should have been denied. Chambers, J.P., Roman, Miller and Connolly, JJ., concur.