■ In the Matter of Lori A. Janczewski, Appellant, v Adam A. Janczewski, Respondent. [59 NYS3d 79]—

Appeal by the petitioner from an order of the Family Court,

Suffolk County (Kerri N. Lechtrecker, Ct. Atty. Ref.), dated January 3, 2017. The order, upon the granting of that branch of the respondent's motion which was to dismiss all allegations of the petition other than those alleging that the respondent had committed a family offense on March 2, 2016, for failure to state a cause of action, and upon the granting of the respondent's motion, made at the close of the petitioner's case, to dismiss that branch of the petition which was based on the allegation that the respondent had committed a family offense on March 2, 2016, for failure to make a prima facie case, dismissed the petition and vacated a temporary order of protection issued against the respondent.

Ordered that the order is modified, on the law, by deleting the provision thereof dismissing that branch of the petition which was based on the allegation that the respondent had committed acts constituting the family offense of assault in the third degree on March 2, 2016, and vacating the temporary order of protection with regard to that allegation; as so modified, the order is affirmed, without costs or disbursements, the respondent's motion to dismiss that branch of the petition which was based on the allegation that the respondent had committed acts constituting the family offense of assault in the third degree on March 2, 2016, for failure to make a prima facie case is denied, the petition and temporary order of protection are reinstated only as to the allegation of assault in the third degree on March 2, 2016, and the matter is remitted to the Family Court, Suffolk County, for a new fact-finding hearing and determination on that branch of the petition which was based on the allegation that the respondent had committed acts constituting the family offense of assault in the third degree on March 2, 2016.

On July 28, 2016, the petitioner filed a family offense petition against the respondent, her husband, alleging that he had committed acts of domestic violence against her. The Family Court issued a temporary order of protection against the respondent dated July 28, 2016. Prior to the fact-finding hearing, the court granted the respondent's application to dismiss the petition for failure to state a cause of action to the extent of dismissing all allegations of the petition other than those related to an incident that allegedly occurred on March 2, 2016. At the fact-finding hearing, at the close of the petitioner's case, the court granted the respondent's application to dismiss that branch of the petition relating to the March 2, 2016 incident for failure to make a prima facie case, finding that the petitioner failed to show that the respondent's conduct fell

within the ambit of the Family Court's jurisdiction under Family Court Act § 812 (1). The petitioner appeals.

Contrary to the petitioner's contention, summary dismissal of so much of her family offense petition other than the allegations related to the incident on March 2, 2016, was proper, as those allegations were devoid of specificity (*see* Family Ct Act §§ 812 [1]; 832; *Matter of Davis v Venditto*, 45 AD3d 837, 838 [2007]; *Matter of Morisseau v Morisseau*, 27 AD3d 651, 652 [2006]; *Matter of Vasciannio v Nedrick*, 305 AD2d 420, 421 [2003]; *Matter of Jones v Roper*, 187 AD2d 593 [1992]).

Nevertheless, the Family Court erred in determining that the petitioner failed to establish a prima facie case of assault in the third degree with respect to the incident alleged to have occurred on March 2, 2016. " 'In determining a motion to dismiss for failure to establish a prima facie case, the evidence must be accepted as true and given the benefit of every reasonable inference which may be drawn therefrom . . . The question of credibility is irrelevant, and should not be considered' " (*Matter of Ramroop v Ramsagar*, 74 AD3d 1208, 1209 [2010], quoting *Gonzalez v Gonzalez*, 262 AD2d 281, 282 [1999]; *see Matter of Mack v Richardson*, 150 AD3d 740 [2017]). Here, the Family Court failed to properly apply this standard. Viewing the petitioner's evidence in the light most favorable to her, and accepting the evidence as true, it established a prima facie case (*see* Penal Law § 120 [1]; *Matter of Mack v Richardson*, 150 AD3d at 740; *Matter of Prezioso v Prezioso*, 79 AD3d 1043, 1043-1044 [2010]; *Matter of Awoleke v Awoleke*, 79 AD3d 743, 743 [2010]; *Matter of Ramroop v Ramsagar*, 74 AD3d at 1209).

In light of the foregoing, we need not address the petitioner's remaining contentions. Rivera, J.P., Dillon, Connolly and Iannacci, JJ., concur.