■ In the Matter of TRACEY WALDRON, Appellant, v WAYNE HEYWARD, Respondent. [62 NYS3d 545]—

Appeal by the petitioner from an order of the Family Court, Kings County (Jennifer Mitek, Ct. Atty. Ref.), dated October 27, 2016. The order, without a hearing, dismissed the family offense petition on the ground that it failed to state a cause of action.

Ordered that the order is affirmed, without costs or disbursements.

On April 22, 2016, the petitioner filed a family offense petition pursuant to article 8 of the Family Court Act. Following a court appearance, the Family Court dismissed, without a hearing, the petition on the ground that it failed to state a cause of action. The petitioner appeals.

"A family offense petition may be dismissed without a hearing where the petition fails to set forth factual allegations which, if proven, would establish that the respondent has committed a qualifying family offense" (*Matter of Brown-Winfield v Bailey*, 143 AD3d 707, 708 [2016]). "In determining whether a petition alleges an enumerated family offense, the petition must be liberally construed, the facts alleged in the petition must be accepted as true, and the petitioner must be granted the benefit of every favorable inference" (*Matter of Arnold v Arnold*, 119 AD3d 938, 939 [2014]).

Here, the petition was conclusory and devoid of specificity, and it did not allege conduct constituting the family offense of harassment in the second degree (*see* Penal Law § 240.26 [3]; *Matter of Janczewski v Janczewski*, 152 AD3d 595 [2017]; *Matter of Graham v Rawley*, 148 AD3d 1018, 1018-1019 [2017]; *Matter of Graham v Rawley*, 147 AD3d 1053, 1054 [2017]; *Matter of Ring v Ring*, 140 AD3d 1076 [2016]; *Matter of Marino v Marino*, 110 AD3d 887 [2013]; *Matter of Vasciannio v Nedrick*, 305 AD2d 420 [2003]; *cf. Matter of Jones v Jones*, 149 AD3d 1079 [2017]; *Matter of Brown-Winfield v Bailey*, 143 AD3d at 708). Accordingly, the Family Court properly dismissed the petition without a hearing. Mastro, J.P., Chambers, LaSalle and Brathwaite Nelson, JJ., concur.