Matter of Janczewski v Janczewski (2019 NY Slip Op 01072)





Matter of Janczewski v Janczewski


2019 NY Slip Op 01072


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2018-01516
 (Docket No. O-12403-16)

[*1]In the Matter of Lori Janczewski, appellant,
v
Adam Janczewski, respondent.


Del Atwell, East Hampton, NY, for appellant.
Ray, Mitev & Associates, LLP, Miller Place, NY (Vesselin Mitev of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the wife appeals from an order of the Family Court, Suffolk County (Kerri N. Lechtrecker, Ct. Atty. Ref.), dated January 29, 2018. The order, after a fact-finding hearing, and upon the granting of the husband's motion made at the close of the wife's case to dismiss that branch of the petition which was based on the allegation that the husband had committed acts on March 2, 2016, constituting a family offense for failure to make a prima facie case, dismissed that branch of the petition and vacated a temporary order of protection against the husband.
ORDERED that the order is reversed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, the wife's oral application to disqualify the husband's counsel and his law firm is granted, the temporary order of protection against the husband is reinstated, that branch of the petition which was based on the allegation that the husband had committed acts on March 2, 2016, constituting the family offense of assault in the third degree is reinstated, and the matter is remitted to the Family Court, Suffolk County, for a new fact-finding hearing and determination of that branch of the petition, before a different referee, following an appropriate stay of proceedings pursuant to CPLR 321(c).
On July 28, 2016, the wife filed a family offense petition against her husband, alleging that he had committed acts of domestic violence against her on March 2, 2016, and at other times. The Family Court issued a temporary order of protection against the husband dated July 28, 2016. At the fact-finding hearing, at the close of the wife's case, the court granted the husband's motion to dismiss that branch of the petition which related to the incident that occurred on March 2, 2016, for failure to make a prima facie case. On a prior appeal, this Court concluded that the court erred in determining that the wife failed to establish a prima facie case of assault in the third degree with respect to the incident alleged to have occurred on March 2, 2016, and remitted the matter to the Family Court, Suffolk County, for a new fact-finding hearing and determination of that branch of the petition (see Matter of Janczewski v Janczewski, 152 AD3d 595).
On December 15, 2017, at the outset of the new fact-finding hearing, the wife made an application to disqualify the husband's counsel and his law firm based upon a conflict of interest. The Family Court orally denied the application. Thereafter, at the close of the wife's case, the [*2]Family Court again granted the husband's motion to dismiss that branch of the petition relating to the March 2, 2016, incident, finding that the wife's testimony lacked credibility.
The Family Court improvidently exercised its discretion in denying the wife's oral application to disqualify the husband's counsel and his law firm. "A party seeking disqualification of its adversary's counsel based on counsel's purported prior representation of that party must establish (1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse" (Gjoni v Swan Club, Inc., 134 AD3d 896, 897 [internal quotation marks omitted]; see Falk v Chittenden, 11 NY3d 73, 78; Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123, 131). "A party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted, and the movant bears the burden on the motion" (Matter of Rovner v Rantzer, 145 AD3d 1016, 1016 [internal quotation marks omitted]). However, doubts as to the existence of a conflict of interest are resolved in favor of disqualification in order to avoid even the appearance of impropriety (see Deerin v Ocean Rich Foods, LLC, 158 AD3d 603, 608; Gjoni v Swan Club, Inc., 134 AD3d at 897; Matter of Fleet v Pulsar Constr. Corp., 143 AD2d 187, 189).
Here, the wife submitted unrefuted evidence that an associate with the law firm that had previously represented her in the pending divorce action, and with whom she had discussed details of the March 2, 2016, incident that is the focal point of this proceeding, became associated on February 13, 2017, with the law firm representing the husband in both the divorce action and this proceeding. The wife's showing satisfied all three of the relevant factors, giving rise to an irrebuttable presumption of disqualification (see Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d at 131; see also Falk v Chittenden, 11 NY3d 73; Kassis v Teacher's Ins. & Annuity Assn., 93 NY2d 611; Matter of Rovner v Rantzer, 145 AD3d at 1017; Halberstam v Halberstam, 122 AD3d 679, 679-680; Albert Jacobs, LLP v Parker, 94 AD3d 919, 919). Accordingly, based on the appearance of impropriety, disqualification was warranted (see Halberstam v Halberstam, 122 AD3d at 680; Albert Jacobs, LLP v Parker, 94 AD3d at 919; Wall St. Assoc. v Brodsky, 227 AD2d 301, 302).
Since there must be a new fact-finding hearing and determination, we further note that the Family Court erred in determining that the wife failed to establish a prima facie case that the husband had committed acts constituting the family offense of assault in the third degree on March 2, 2016. " In determining a motion to dismiss for failure to establish a prima facie case, the evidence must be accepted as true and given the benefit of every reasonable inference which may be drawn therefrom . . . The question of credibility is irrelevant, and should not be considered'" (Matter of Ramroop v Ramsagar, 74 AD3d 1208, 1209, quoting Gonzalez v Gonzalez, 262 AD2d 281, 282; see Matter of Janczewski v Janczewski, 152 AD3d at 597; Matter of Mack v Richardson, 150 AD3d 740; Matter of Bacchus v McGregor, 147 AD3d 1049; Matter of Oakes v Oakes, 127 AD3d 1093; Matter of Brown v Brown, 127 AD3d 969). Here, the court again failed to properly apply this standard. Viewing the wife's evidence in a light most favorable to her, and accepting such evidence as true, without considering matters of credibility, the wife established a prima facie case that the husband had committed acts constituting the family offense of assault in the third degree on March 2, 2016 (see Penal Law § 120.00[1]; Matter of Janczewski v Janczewski, 152 AD3d at 597; Matter of Ramroop v Ramsagar, 74 AD3d at 1209).
In light of the foregoing, we remit the matter to the Family Court, Suffolk County, for a new fact-finding hearing and determination of that branch of the petition which was based on the allegation that the husband had committed acts on March 2, 2016, constituting the family offense of assault in the third degree, before a different referee.
RIVERA, J.P., CHAMBERS, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court