Matter of Hugee v Gadsden (2019 NY Slip Op 03596)





Matter of Hugee v Gadsden


2019 NY Slip Op 03596


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2017-05784
 (Docket No. V-8484-09)

[*1]In the Matter of Danieller I. Hugee, appellant,
v
Anthony Gadsden, respondent.


Linda C. Braunsberg, Staten Island, NY, for appellant.
Larry S. Bachner, New York, NY, for respondent.
Janet Neustaetter, Brooklyn, NY (Chai Park of counsel), attorney for the child.



DECISION & ORDER
In a child custody proceeding, the mother appeals from an order of the Family Court, Kings County (Robert D. Mulroy, J.), dated May 15, 2017. The order, upon the granting of the father's motion, made at the close of the mother's case, to dismiss the petition for failure to make out a prima facie showing of changed circumstances, dismissed, with prejudice, the mother's petition to modify a prior order of the same court dated May 12, 2011, which had awarded custody of the parties' child to the father.
ORDERED that the order dated May 15, 2017, is modified, on the law, by deleting the provision thereof dismissing the mother's petition with prejudice, and substituting therefor a provision dismissing the petition without prejudice; as so modified, the order dated May 15, 2017, is affirmed, without costs or disbursements.
The subject child was born to the parties in March of 2008. The child has lived with the father since the mother was incarcerated in 2010, and on May 12, 2011, the Family Court issued an order awarding the father custody of the child. On July 15, 2016, the mother filed the instant petition seeking custody of the child. The mother alleged in the petition that the father had tried "everything in his power" to interfere with her parental access with the child. The mother further alleged that the father did not allow her to assist with the child's grooming and educational needs, and that the child had failed the second grade.
At the ensuing hearing, the mother testified that she had parental access with the child every two weeks, and presented no evidence that the father had done anything to interfere with this parental access. She further conceded that she didn't know "anything about [the child's] school, I don't know what school she goes to, I don't know anything about her medical."
Regarding the child's hygiene, the mother testified only that the child does not like to bathe while the mother has parental access. The mother presented no evidence of the child's hygiene habits when she is with the father, nor did the mother present any evidence regarding the father's caregiving. The mother further conceded that she does not discipline the child. The mother also conceded that she spent five years in federal prison, and remains on probation, and that the child [*2]did not have her own bed at the mother's residence.
At the close of the mother's direct case, the father moved to dismiss the petition on the ground that the mother failed to meet her prima facie burden of showing a change in circumstances. The Family Court granted the motion, holding that "there is no indication that the child is not being properly cared for." In an order dated May 15, 2017, the court dismissed the mother's petition with prejudice. The mother appeals.
"An order of custody or [parental access] may be modified only upon a showing that there has been a subsequent change of circumstances such that modification is required to ensure the best interests of the child" (Matter of C.H. v F.M., 130 AD3d 1028, 1028; see Matter of Bacchus v McGregor, 147 AD3d 1049, 1050). In deciding a motion to dismiss a petition for failure to establish a prima facie case, the court must accept the petitioner's evidence as true and afford the petitioner the benefit of every favorable inference that can reasonably be drawn therefrom (see Matter of Cruz v Figueroa, 132 AD3d 669; Matter of C.H. v F.M., 130 AD3d at 1028). "The question of credibility is irrelevant, and should not be considered" (Gonzalez v Gonzalez, 262 AD2d 281, 282; see Matter of Bacchus v McGregor, 147 AD3d at 1050).
Here, we agree with the Family Court's determination to grant the father's motion to dismiss the petition on the ground that the mother failed to meet her prima facie burden of showing a change in circumstances. The mother failed to present any evidence which would, if credited, substantiate the allegations in her petition (see Matter of Beers v Beers, 163 AD3d 1197, 1198; Matter of Eller v Eller, 126 AD3d 1242, 1242-1243).
Both the father and the attorney for the child agree with the mother, however, that the Family Court should not have provided that its dismissal of the mother's petition was "with prejudice." Therefore, we delete that provision and substitute a provision that the dismissal is without prejudice. The father requests that, in place of the provision dismissing the petition with prejudice, we should require that the mother, in view of the extensive litigation history, be prohibited from filing further petitions without prior court approval. We decline to impose such a requirement in this case. We note that child custody and parental access orders are not entitled to res judicata effect and are subject to modification based upon a showing of changed circumstances (see generally Matter of Estevez v Perez, 123 AD3d 707, 708). On the other hand, a disappointed litigant may not file successive custody modification petitions alleging only the same operative facts. Modification is available only where there has been a sufficient change in circumstances since the order or judgment sought to be modified was made (see Matter of Retamozzo v Moyer, 91 AD3d 957, 958). For that reason, modification hearings are generally limited to events occurring after the conclusion of the last hearing or proceeding (see Matter of DiCiacco v DiCiacco, 89 AD3d 937, 938; Matter of Palmer v Palmer, 284 AD2d 612, 613-614), although the trial courts have discretion to hear evidence of prior conduct in appropriate circumstances (see Matter of Bodrato v Biggs, 274 AD2d 694, 695).
The mother's remaining contention, that the Family Court had prejudged the result in this case, is without merit.
SCHEINKMAN, P.J., RIVERA, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court