Matter of Jennifer P. (Walter A.-L.) (2019 NY Slip Op 04171)





Matter of Jennifer P. (Walter A.-L.)


2019 NY Slip Op 04171


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-05539
 (Docket Nos. N-15000-14, N-15001-14)

[*1]In the Matter of Jennifer P. (Anonymous). Administration for Children's Services, appellant; Walter A.-L. (Anonymous), respondent. (Proceeding No. 1)
In the Matter of Anghelina C.-A. (Anonymous). Administration for Children's Services, appellant; Walter A.-L. (Anonymous), respondent. (Proceeding No. 2)


Zachary W. Carter, Corporation Counsel, New York, NY (Deborah A. Brenner, Max O. McCann, and Ashley Garman of counsel), for appellant.
Towers & Associates, P.C., Brooklyn, NY (Geanine Towers of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the Administration for Children's Services appeals from an order of the Family Court, Kings County (Ann E. O'Shea, J.), dated May 9, 2018. The order, in effect, granted the motion of Walter A.-L. to dismiss the petitions.
ORDERED that the order is reversed, on the law, without costs or disbursements, the motion of Walter A.-L. to dismiss the petitions is denied, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.
The Administration for Children's Services (hereinafter ACS) commenced these related proceedings pursuant to Family Court Act article 10, alleging that Walter A.-L. sexually abused the child Jennifer P. and thereby derivatively abused her half-sister, Anghelina C.-A. At a hearing on the petitions, ACS presented testimony establishing that Walter A.-L. was the long-term boyfriend of Jennifer's mother and the father of Jennifer's half-sister, Anghelina, and that during the second year of the relationship between Walter A.-L. and Jennifer's mother, Walter A.-L. lived in the household as a father figure. The testimony also established that Walter A.-L. engaged in family activities with the mother and children, and at times was the only adult in the home with Jennifer. When arrested for the conduct alleged in the petitions, Walter A.-L. gave the police the family's apartment address as his own, and he received mail at the apartment. Further, the mother testified that she and Walter A.-L. acted as the parents of the subject children.
At the hearing in this case, ACS attempted to introduce certified criminal court records from an unrelated criminal case reflecting that Walter A.-L. pleaded guilty to the sexual [*2]abuse of two unrelated children, as corroboration of Jennifer's allegations of sexual abuse in this case. The Family Court denied the introduction of Walter A.-L.'s criminal court records. After ACS rested its case, Walter A.-L. moved to dismiss the petitions on the ground that ACS failed to establish that he was a person legally responsible for the subject children. The court granted the motion. ACS appeals.
We agree with the Family Court's denial of the introduction of Walter A.-L.'s criminal court records from the unrelated case, as these records did not corroborate the allegations of sexual abuse made by Jennifer in this case (cf. Matter of Anthony G. [Jose G.-G.], 147 AD3d 829; Matter of Stephanie R., 21 AD3d 417; Matter of Mary S., 279 AD2d 896).
However, we disagree with the Family Court's granting of Walter A.-L's motion to dismiss the petitions on the ground that ACS failed to establish that he was a person legally responsible for the children. On a motion to dismiss for failure to establish a prima facie case, the petitioner's evidence must be accepted as true and afforded the benefit of every reasonable inference which may be drawn from it (see Matter of Ramroop v Ramsagar, 74 AD3d 1208; Gonzalez v Gonzalez, 262 AD2d 281, 282). Viewing the testimony presented by ACS in the light most favorable to it, and accepting all of the evidence presented by ACS as true (see Matter of Ramroop v Ramsagar, 74 AD3d 1208; Gonzalez v Gonzalez, 262 AD2d 281), ACS established a prima facie case that Walter A.-L. was a person legally responsible for the children (see Matter of Gary J. [Engerys J.], 154 AD3d 939; Matter of Bianca M., 282 AD2d 536; see also Matter of Trenasia J. [Frank J.], 25 NY3d 1001; Matter of Yolanda D., 88 NY2d 790). Accordingly, the court should have denied Walter A.-L's motion to dismiss the petitions, and we remit the matter to the Family Court, Kings County, to complete the fact-finding hearing and to determine the petitions on the merits.
MASTRO, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court