Matter of Vukic v Jasaraj (2019 NY Slip Op 05138)





Matter of Vukic v Jasaraj


2019 NY Slip Op 05138


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JOHN M. LEVENTHAL
ROBERT J. MILLER, JJ.


2018-06903
 (Docket Nos. V-5158-15/16C, V-5159-15/16B)

[*1]In the Matter of Indira Vukic, appellant,
v
Ismet Jasaraj, respodent.


Robert Marinelli, New York, NY, for appellant.
John Z. Marangos, Staten Island, NY, for respondent.
Todd D. Kadish, Great Neck, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated May 11, 2018. The order, in effect, granted the father's motion, made at the close of the mother's case at a fact-finding hearing, to dismiss the mother's petition, in effect, for physical custody of the subject child, for failure to establish a prima facie case, and dismissed the petition.
ORDERED that order is affirmed, without costs or disbursements.
The parties are the divorced parents of two children, one of whom is an adult. The other child, born in 2004, is the subject of this appeal. Pursuant to a 2014 stipulation, the parties agreed that they would share joint legal custody of the child, with the father having physical custody. They further agreed that the mother would have parental access with the child on alternate weekends from Friday after school until Sunday at 6:00 p.m., as well as holidays, including, after 2014, alternating Thanksgiving and Christmas. The stipulation was incorporated but not merged into the parties' judgment of divorce, dated June 18, 2015. In an order dated August 9, 2016, the Family Court granted the mother's modification petition to the extent of awarding her parental access with the child on Thursdays from 6:00 p.m. to 8:00 p.m. and on Saturdays from 12:00 p.m. to 4:00 p.m., pick-up and drop-off to occur curbside at the father's home. Less than two months later, the mother filed a petition, in effect, for physical custody of the child, alleging, in sum and substance, that the father willfully violated the parental access provisions of the stipulation as incorporated into the judgment of divorce and as modified by the order dated August 9, 2016. At the close of the mother's case at a fact-finding hearing, the father moved to dismiss the petition on the ground that the mother failed to establish a prima facie case. In the order appealed from, the court, in effect, granted the motion and dismissed the petition. The mother appeals.
" In order to modify an existing court-sanctioned custody [arrangement], there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interests of the child'" (Matter of Newton v McFarlane, ___ AD3d ___, 2019 NY Slip Op 04386, *4, [2d Dept 2019], quoting Henrie v Henrie, 163 AD3ed 927, 928). On a motion to dismiss [*2]for failure to establish a prima facie case, the petitioner's evidence must be accepted as true and afforded the benefit of every reasonable inference which may be drawn therefrom (see Matter of Awoleke v Awoleke, 79 AD3d 743; Matter of Ramroop v Ramsagar, 74 AD3d 1208; Gonzalez v Gonzalez, 262 AD2d 281, 282).
Here, we agree with the Family Court's dismissal of the petition for failure to establish a prima facie case. The mother's evidence, accepted as true and viewed in a light most favorable to her, demonstrated, at best, that the father was not the cause of any lost parental access. Instead, it was a result of her own actions or misinterpretation of the stipulation or matters beyond the parties' control, such as inclement weather and illness. Thus, the mother failed to present evidence sufficient to establish a prima facie case that the father willfully violated the parental access terms of the stipulation as incorporated into the judgment of divorce and as modified by the order dated August 9, 2016 (see Matter of Hugee v Gadsden, ___ AD3d ___, 2019 NY Slip Op 03596 [2d Dept 2019]; Matter of D'Amico v Corrado, 129 AD3d 718). She also failed to demonstrate, prima facie, that there had been a subsequent change in circumstances warranting a transfer of physical custody to her in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 172; Matter of Cruz v Figueroa, 132 AD3d 669).
SCHEINKMAN, P.J., DILLON, LEVENTHAL and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court