Matter of Prince v Ford (2021 NY Slip Op 03591)





Matter of Prince v Ford


2021 NY Slip Op 03591


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2019-11457
 (Docket No. O-4225-19)

[*1]In the Matter of Vida Prince, appellant,
v
Gregory Ford, respondent.


Deana Balahtsis, New York, NY, for appellant.
Kenneth M. Tuccillo, Hastings-on-Hudson, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Kings County (Javier E. Vargas, J.), dated September 25, 2019. The order, upon the granting of the respondent's motion, made at the close of the petitioner's case at a fact-finding hearing, to dismiss the amended family offense petition for failure to establish a prima facie case, dismissed the amended petition.
ORDERED that the order is reversed, on the law, without costs or disbursements, the amended petition is reinstated, and the matter is remitted to the Family Court, Kings County, for a new fact-finding hearing and determination on the amended petition.
The petitioner filed an amended family offense petition against the respondent, her adult son, alleging, inter alia, that on certain dates between 2015 and 2019, the respondent had struck and slapped her, causing her pain and injury, cursed at her, taken her belongings, and collected her mail and her tenants' rent without her permission. The Family Court held a hearing on the amended petition, and at the close of the petitioner's case, granted the respondent's motion to dismiss the amended petition for failure to establish a prima facie case. We reverse.
In a family offense proceeding, the petitioner has the burden of establishing that the charged conduct was committed as alleged in the petition by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Mack v Richardson, 150 AD3d 740, 741). "'In determining a motion to dismiss for failure to establish a prima facie case, the evidence must be accepted as true and given the benefit of every reasonable inference which may be drawn therefrom . . . The question of credibility is irrelevant, and should not be considered'" (Matter of Mack v Richardson, 150 AD3d at 741, quoting Matter of Ramroop v Ramsagar, 74 AD3d 1208, 1209 [internal quotation marks omitted]; see Matter of Jennifer P. [Walter A.-L.], 172 AD3d 1377, 1378; Matter of Janczewski v Janczewski, 152 AD3d 595, 597). Here, the Family Court failed to properly apply this standard. Viewing the petitioner's evidence in the light most favorable to her, and accepting the evidence as true, it established a prima facie case (see Matter of Ramroop v Ramsagar, 74 AD3d at 1209). Accordingly, the respondent's motion to dismiss the amended petition for failure to establish a prima facie case should have been denied.
MASTRO, J.P., AUSTIN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court