Matter of Jones v Rodriguez (2022 NY Slip Op 05530)

Matter of Jones v Rodriguez

2022 NY Slip Op 05530

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2021-01034
 (Docket No. O-125-20)

[*1]In the Matter of Leonard Jones, appellant,
v
Stephanie Rodriguez, respondent. Daniel E. Lubetsky, Jamaica, NY, for appellant. Rhea G. Friedman, New York, NY, for respondent.

Karen P. Simmons, Brooklyn, NY (Louise Feld and Janet Neustaetter of counsel), attorney for the child Jayden R.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the father appeals from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated November 24, 2020. The order, without a hearing, dismissed the father's family offense petition for failure to state a cause of action.
ORDERED that the order is affirmed, without costs or disbursements.
The parties have two children together. The father commenced the instant family offense proceeding against the mother seeking an order of protection in favor of him and the children. By order dated November 24, 2020, the Supreme Court, without a hearing, dismissed the father's family offense petition for failure to state a cause of action. The father appeals.
"A family offense petition may be dismissed without a hearing where the petition fails to set forth factual allegations which, if proven, would establish that the respondent has committed a qualifying family offense" (Matter of Brown-Winfield v Bailey, 143 AD3d 707, 708; see Matter of Waldron v Heyward, 155 AD3d 636, 637). "In determining whether a petition alleges an enumerated family offense, the petition must be liberally construed, the facts alleged in the petition must be accepted as true, and the petitioner must be granted the benefit of every favorable inference" (Matter of Arnold v Arnold, 119 AD3d 938, 939; see Matter of Waldron v Heyward, 155 AD3d at 637).
Here, contrary to the father's contentions on appeal, the petition, which was largely conclusory and devoid of specificity, did not adequately allege conduct constituting family offenses of harassment in the second degree or assault against him or of reckless endangerment against the parties' children (see Penal Law §§ 240.26[3]; 120.00, 120.05, 120.10, 120.20, 120.25; Matter of Waldron v Heyward, 155 AD3d at 637; Matter of Graham v Rawley, 148 AD3d 1018, 1019).
Accordingly, the Supreme Court properly dismissed the father's family offense petition.
IANNACCI, J.P., RIVERA, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court