Matter of Koch v Yu-Ting Tsai (2025 NY Slip Op 00097)

Matter of Koch v Yu-Ting Tsai

2025 NY Slip Op 00097

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2022-02181
 (Docket No. V-1882-18)

[*1]In the Matter of Kevin M. Koch, respondent,
v
Yu-Ting Tsai, appellant.

Kelli M. O'Brien, Goshen, NY, for appellant.
Strauss Kallus Kimple Dumais PLLC, Goshen, NY (Justin E. Kimple of counsel), for respondent.
Ronna L. DeLoe, Larchmont, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Christine P. Krahulik, J.), dated February 10, 2022. The order, upon a decision of the same court dated February 10, 2022, made after a hearing, granted the father's petition for sole legal and physical custody of the subject child and awarded the mother parental access with the subject child via Skype "or other agreed-upon digital service" and "further access to the child as the parties may agree."
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof awarding the mother parental access with the subject child via Skype "or other agreed-upon digital service" and "further access to the child as the parties may agree"; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for an in camera interview with the subject child and a new determination thereafter of the mother's parental access with the subject child; and it is further,
ORDERED that pending a new determination of the mother's parental access, the parental access provisions of the order dated February 10, 2022, shall remain in effect.
The parties, who were never married, are the parents of a daughter born in 2015 (hereinafter the subject child). In May 2018, the father commenced this proceeding pursuant to Family Court Act article 6 for sole legal and physical custody of the subject child. After a hearing, in an order dated February 10, 2022, the Family Court granted the petition and awarded the mother parental access with the subject child via Skype "or other agreed-upon digital service" and "further access to the child as the parties may agree." The mother appeals.
Contrary to the mother's contention, the Family Court had subject matter jurisdiction over this proceeding. Pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (Domestic Relations Law art 5-A; hereinafter UCCJEA), New York courts have jurisdiction to make an initial custody determination if New York is the child's home state (see Domestic Relations Law [*2]§ 76[1][a]; Matter of Kevin P. v Ieisha T., 229 AD3d 703, 704). UCCJEA defines "home state" as "the state in which a child lived with a parent . . . for at least six consecutive months immediately before the commencement of a child custody proceeding" (Domestic Relations Law § 75-a[7]). Here, the record reflects that the subject child lived with the father in New York for at least six consecutive months immediately before the commencement of this custody proceeding, and therefore, New York was the subject child's home state as of the commencement of this proceeding (see id. §§ 75-a[7]; 76[1][a]; Matter of Katz v Katz, 117 AD3d 1054, 1055). The mother's contention that the court could not exercise jurisdiction over this proceeding due to a custody proceeding pertaining to the subject child in Taiwan is without merit, as the Taiwan custody proceeding was not pending at the time of the commencement of this proceeding in May 2018 (see Domestic Relations Law § 76-e[1]; cf. Matter of Graham v Rawley, 148 AD3d 1018, 1019).
"A noncustodial parent should have reasonable rights of parental access, and the denial of those rights to a biological parent is a drastic remedy which should only be invoked when there is substantial evidence that parental access would be detrimental to the child" (Matter of Walker v Sterkowicz-Walker, 203 AD3d 1167, 1168; see Matter of Badal v Wilkinson, 213 AD3d 926). "The determination of appropriate parental access is entrusted to the sound discretion of the Family Court, and such determination will not be set aside unless it lacks a sound and substantial basis in the record" (Matter of Walker v Sterkowicz-Walker, 203 AD3d at 1168; see Matter of Orellana v Orellana, 112 AD3d 720).
Here, the Family Court's determination to limit the mother's parental access with the subject child to access via Skype "or other agreed-upon digital service," absent agreement by the parties to further parental access, lacked a sound and substantial basis in the record, since the hearing evidence did not demonstrate that it would be detrimental to the subject child to have in-person visits with the mother in New York (see Matter of Kim v Becker, 223 AD3d 813, 815). Under the circumstances of this case, we find that an in camera interview with the subject child is appropriate to ascertain the subject child's views (see Matter of Velez v Alvarez, 129 AD3d 1096, 1097). Accordingly, we remit the matter to the Family Court, Orange County, for an in camera interview with the subject child and a new determination thereafter of the mother's parental access with the subject child.
The mother's remaining contentions are without merit.
DUFFY, J.P., WOOTEN, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court