Matter of Steven C. v Ayelet C. (2025 NY Slip Op 01311)

Matter of Steven C. v Ayelet C.

2025 NY Slip Op 01311

Decided on March 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 11, 2025

Before: Webber, J.P., Kapnick, González, Scarpulla, Michael, JJ. 

Docket No. O-03295/23|Appeal No. 3853|Case No. 2023-05789|

[*1]In the Matter of a Steven C., Petitioner-Respondent,
v
Ayelet C., Respondent-Appellant.

Carol A. Kahn, New York, for appellant.
Weisman Law Group, Cedarhurst (Andrea E. Miller of counsel), for respondent.

Order, Family Court, New York County (Grace Oboma-Layat, J.), entered on or about September 19, 2023, which denied respondent wife's motion to dismiss the family offense petition for failure to state a cause of action, unanimously reversed, on the law, and the petition dismissed, without costs.
A person is guilty of harassment in the second degree when he or she "engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person, and which serve no legitimate purpose" with intent to harass, annoy, or alarm another person (Penal Law § 240.26[3]). Liberally construing the allegations of the petition and granting petitioner husband the benefit of every possible favorable inference, petitioner's allegations do not support a finding of harassment. Petitioner alleges that the wife "has been filing numerous offense petitions against [him] with no basis in fact" to annoy and harass him. He also alleges that on the day after the wife had agreed, by stipulation, to vacate the marital residence, she came to the lobby of his building "looking for [him]." These allegations are conclusory and lack specificity (Family Court Act §§ 821, 827; see Matter of Yajaira B. v Victoria B., 204 AD3d 600, 600 [1st Dept 2022]; Matter of Waldron v Heyward, 155 AD3d 636, 637 [2d Dept 2017]), and do not support a finding that the wife committed the family offense of harassment (see Ebony J. v Clarence D., 46 AD3d 309 [1st Dept 2007]).
Additionally, the petition does not sufficiently plead that the wife committed the family offense of stalking in the fourth degree. The husband alleges that the wife caused him to fear being served "with yet another bogus petition" if he encountered her. He further alleges that the wife knew that she was not supposed to be at the marital residence on the day after she vacated the premises. However, the husband does not allege that he feared for his physical health, safety, or property (Penal Law § 120.45[1]). Nor does he allege that the wife followed him, telephoned him, or tried to contact him after being clearly informed "to cease that conduct" (Penal Law § 120.45[2], [3]).
The husband does not address the wife's arguments regarding the remaining family offenses pleaded in the petition, and therefore, he is deemed to have abandoned any arguments regarding those offenses.
We have considered the parties' remaining arguments and find them either unpreserved or unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 11, 2025