In the Matter of METELESH KAVITA RAMROOP, Appellant, v SURENDRADAT RAMSAGAR, Respondent. [902 NYS2d 422]—In a family offense proceeding pursuant to Family Court Act article 8, the wife appeals from an order of the Family Court, Queens County (O'Connor, J.), dated May 29, 2009, which granted the

husband's motion to dismiss the petition for her failure to establish a prima facie case.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for further proceedings in accordance herewith.

"In determining a motion to dismiss for failure to establish a prima facie case, the evidence must be accepted as true and given the benefit of every reasonable inference which may be drawn therefrom . . . The question of credibility is irrelevant, and should not be considered" (*Gonzalez v Gonzalez*, 262 AD2d 281, 282 [1999]; *see Wai Foon Chan v Yuk Sim Chan*, 193 AD2d 575, 575-576 [1993]; *see also Matter of Nikki O. v William N.*, 64 AD3d 938, 939 [2009]; *Matter of David WW. v Laureen QQ.*, 42 AD3d 685 [2007]; *Matter of Adams v Borrasca*, 288 AD2d 840 [2001]; *Wayne County Dept. of Social Servs. v Titcomb*, 124 AD2d 989 [1986]). The Family Court failed to properly apply this standard in dismissing the wife's petition for failure to establish a prima facie case. Viewing the wife's testimony in a light most favorable to her, and accepting her testimony as true, it established a prima facie case (*see Gonzalez v Gonzalez*, 262 AD2d at 282-283; *Wai Foon Chan v Yuk Sim Chan*, 193 AD2d at 576). Accordingly, the motion for judgment as a matter of law dismissing the petition for failure to establish a prima facie case should have been denied.

Thus, we reinstate the petition and remit the matter to the Family Court, Queens County, for a new fact-finding hearing and determination of the petition (*see Matter of Hagopian v Hagopian*, 66 AD3d 1021 [2009]). However, since the record discloses that the husband is on active military duty, prior to the proceeding, the Family Court must ascertain his current deployment status, and determine whether a stay is necessary pursuant to Military Law § 304. Dillon, J.P., Balkin, Eng and Chambers, JJ., concur.