In the Matter of CORINNE PREZIOSO, Appellant, v JOHN PREZIOSO, Respondent. [915 NYS2d 91]—

In a family offense proceeding pursuant to Family Court Act article 8, the wife appeals from an order of disposition of the Family Court, Orange County (Klein, J.), dated July 28, 2009, which, upon granting the husband's motion, made at the close of her case, to dismiss the petition based upon her failure to establish a prima facie case, dismissed the petition.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the motion to dismiss the petition is denied, the petition is reinstated, and the matter is remitted to the Family Court, Orange County, for further proceedings in accordance herewith.

The wife brought this petition alleging that the husband violated the provisions of an order of protection issued in a related proceeding. During the hearing, the wife testified that the husband, uninvited, had entered the house in which she currently resided alone, angrily moved about the house while taking photographs, and then stood over her, very closely, as she sat, and snapped a flash photograph in her face, temporarily blinding her. According to the wife's testimony, the husband then stated that he would "hurt" her and make her "sorry" if she did not remove a certain vehicle from the garage. At the conclusion of the wife's evidence, and upon the husband's motion, but prior to the husband presenting evidence, the Family Court dismissed the petition, explaining from the bench that "even though the court finds there may have been stupidity in what [the husband] did and the fact that he . . . may have engaged in inappropriate [behavior] it does not rise to a family offense under the quantum of proof under the Family Court Act."

In determining a motion to dismiss for failure to establish a prima facie case, "the evidence must be accepted as true and given the benefit of every reasonable inference which may be drawn therefrom . . . The question of credibility is irrelevant, and should not be considered" (*Matter of Ramroop v Ramsagar*, 74 AD3d 1208, 1209 [2010] [internal quotation marks omitted]). Here, the Family Court failed to properly apply this standard.

Viewing the wife's testimony in a light most favorable to her, and accepting her testimony as true, it established a prima facie case (*see Matter of Ramroop v Ramsagar*, 74 AD3d at 1209; *Gonzalez v Gonzalez*, 262 AD2d 281, 282-283 [1999]). Accordingly, the husband's motion to dismiss the petition for failure to establish a prima facie case should have been denied.

Based upon the foregoing, the petition must be reinstated and the matter remitted to the Family Court, Orange County, for a new fact-finding hearing and for a new determination of the petition (*see Matter of Ramroop v Ramsagar*, 74 AD3d at 1209).

In light of our determination, we need not reach the wife's remaining contentions. Prudenti, P.J., Covello, Florio and Belen, JJ., concur.