■ In the Matter of Tatiana Mamantov, Appellant, v George Mamantov, Respondent. [927 NYS2d 140]—

" 'A family offense must be established by a fair preponderance of the evidence' " (*Matter of Lamparillo v Lamparillo*, 84 AD3d 1381 [2011], quoting *Matter of Thomas v Thomas*, 72 AD3d 834, 835 [2010]; *see* Family Ct Act § 832). "In determining a motion to dismiss for failure to establish a prima facie case, 'the evidence must be accepted as true and given the benefit of every reasonable inference which may be drawn therefrom . . . The question of credibility is irrelevant, and should not be considered' " (*Matter of Prezioso v Prezioso*, 79 AD3d 1043, 1043 [2010], quoting *Matter of Ramroop v Ramsagar*, 74 AD3d 1208, 1209 [2010]).

Here, in deciding the husband's motion to dismiss the petition for failure to establish a prima facie case, the Family Court employed an incorrect standard, finding that the wife failed to prove the allegations in the petition by clear and convincing evidence. Additionally, the Family Court erred in making credibility determinations. In spite of these errors, however, the Family Court properly granted the husband's motion. The wife, in effect, alleged in her petition that the husband committed the family offense of harassment in the second degree (*see* Penal Law § 240.26). However, accepting the evidence as true and giving her the benefit of every reasonable inference (*see Matter of Prezioso v Prezioso*, 79 AD3d at 1043; *Matter of Ramroop v Ramsagar*, 74 AD3d at 1209), the wife failed to demonstrate, prima facie, that the husband, in committing the act alleged, acted with an "intent to harass, annoy or alarm" (Penal Law § 240.26; *see Matter of Cavanaugh v Madden*, 298 AD2d 390, 391-392 [2002]; *cf. Matter of Hasbrouck v Hasbrouck*, 59 AD3d 621, 622 [2009]).

The wife's contention that the Family Court improperly scheduled a fact-finding hearing on only 10 days notice is unpreserved for appellate review, since she failed to timely object to the hearing date or request an adjournment (*see* CPLR 4017, 5501 [a] [3]). In any event, the Family Court did not improvidently exercise its discretion in setting the hearing date.

The wife's remaining contentions are without merit. Angiolillo, J.P., Dickerson, Hall and Roman, JJ., concur.