■ In the Matter of ROSANNE DEGASERO, Respondent, v PHILIP DEGASERO, Appellant. [942 NYS2d 895]—In a family offense proceeding pursuant to Family Court Act article 8, Philip DeGasero appeals from an order of protection of the Family Court, Suffolk County (Burke, Ct. Atty. Ref.), dated April 6, 2011, which, upon the denial of his motion to dismiss the petition for failure to establish a prima facie case, and upon a finding, made after a hearing, that he committed the family offense of disorderly conduct, directed him, inter alia, to refrain from threatening Rosanne DeGasero.

Ordered that the order of protection is affirmed, without costs or disbursements.

"In determining a motion to dismiss for failure to establish a prima facie case, the evidence must be accepted as true and given the benefit of every reasonable inference which may be drawn therefrom . . . The question of credibility is irrelevant, and should not be considered" (*Gonzalez v Gonzalez*, 262 AD2d 281, 282 [1999] [citation omitted]; *see Matter of Ramroop v Ramsagar*, 74 AD3d 1208, 1209 [2010]). The Family Court applied the correct standard in denying the appellant's motion to dismiss, as the evidence presented by the petitioner, when viewed in the light most favorable to her, established prima facie that the appellant committed the family offense of disorderly conduct.

Moreover, "[t]he determination of whether a family offense was committed is a factual issue to be resolved by the hearing court . . . and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal" (*Matter of Creighton v Whitmore*, 71 AD3d 1141 [2010] [citations omitted]; *see* Family Ct Act §§ 812, 832; *Matter of Halper v Halper*, 61 AD3d 687 [2009]; *Matter of Gray v Gray*, 55 AD3d 909 [2008]; *Matter of Lallmohamed v Lallmohamed*, 23 AD3d 562 [2005]). The Family Court's determination that the appellant committed the family offense of disorderly conduct was based upon its assessment of the credibility of the parties and an eyewitness, and is supported by the record (*see Matter of Richardson v Richardson*, 80 AD3d 32, 44 [2010]). Accordingly, we decline to disturb the Family Court's determination. Rivera, J.P., Dickerson, Leventhal and Cohen, JJ., concur.