In the Matter of JANICE M., Appellant, v TERRANCE J., Respondent. [945 NYS2d 693]—

Order, Family Court, New York County (Fiordaliza A. Rodriguez, Ref.), entered on or about June 6, 2011, which dismissed the petition for an order of protection against respondent for failure to make out a prima facie case, unanimously reversed, on the law, without costs, the petition reinstated, and the matter remanded for further proceedings in accordance herewith.

In determining a motion to dismiss for failure to establish a prima facie case, the evidence must be accepted as true and given the benefit of every reasonable inference that may be drawn therefrom. The issue of credibility is irrelevant and should not be considered (*Matter of Mamantov v Mamantov*, 86 AD3d 540, 541 [2011], *lv denied* 17 NY3d 715 [2011]; *Matter of Ramroop v Ramsagar*, 74 AD3d 1208, 1209 [2010]).

Petitioner testified that respondent, her son-in-law, threatened to have someone beat her up, told her that he would "beat [her] ass," and threatened to hit her with a broom. If true, and giving petitioner the benefit of every reasonable inference, she established a prima facie case of the family offense of harassment in the second degree. The court rejected petitioner's

testimony based on her admitted use of marijuana. However, consideration of petitioner's credibility was improper on a motion to dismiss for failure to prove a prima facie case.

The court properly dismissed the charge of disorderly conduct since there was no evidence that respondent intended to cause public inconvenience, annoyance or alarm or that his conduct in the private residence recklessly created such a risk (Penal Law § 240.20). Concur—Tom, J.P., Andrias, Moskowitz, Acosta and Abdus-Salaam, JJ.