■ In the Matter of ANTONIA N. BROWN, Appellant, v CORDELL OMAR BROWN, Respondent. [7 NYS3d 364]—Appeal from an order of disposition of the Family Court, Queens County (Dennis Lebwohl, J.), dated June 17, 2014. The order of disposition, upon the granting of the respondent's motion, made at the close of the petitioner's case at a fact-finding hearing, to dismiss the petition for failure to establish a prima facie case, dismissed the petition.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the motion to dismiss the petition is denied, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for further proceedings in accordance herewith.

"In determining a motion to dismiss for failure to establish a prima facie case, the evidence must be accepted as true and given the benefit of every reasonable inference which may be drawn therefrom. The question of credibility is irrelevant, and should not be considered" (*Matter of Stephens v Stephens*, 106 AD3d 748, 748 [2013] [internal quotation marks omitted]; *see Matter of DeGasero v DeGasero*, 95 AD3d 883 [2012]; *Matter of Opray v Fitzharris*, 84 AD3d 1092, 1093 [2011]).

In applying this standard, we find that the petitioner established, prima facie, that the respondent committed the family offenses of assault in the third degree, harassment in the second degree, menacing in the third degree, and criminal obstruction of breathing or circulation (*see* Family Ct Act § 812 [1]; Penal Law §§ 120.00 [1], [2]; 240.26 [1]; 120.15; 121.11 [b]). Accordingly, the Family Court should have denied the respondent's motion, made at the close of the petitioner's case, to dismiss the petition for failure to establish a prima facie case.

The petitioner's remaining contentions are either without merit or not properly before this Court. Dillon, J.P., Dickerson, Duffy and Barros, JJ., concur.