In the Matter of ROBERT E. OAKES, Appellant, v GAIL OAKES, Respondent. [7 NYS3d 487]—

Appeal from an order of the Family Court, Queens County (Fran L. Lubow, J.), dated July 8, 2014. The order, upon the granting of the respondent's motion, made at the close of the petitioner's case, to dismiss the petitions for failure to make out a prima facie case, dismissed the petitions.

Ordered that the order is reversed, on the law, without costs or disbursements, the petitions are reinstated, and the matter is remitted to the Family Court, Queens County, for further proceedings in accordance herewith.

In 2010, the petitioner commenced a family offense proceeding against his sister, the respondent. In an order of fact-finding and disposition dated December 12, 2012 (hereinafter the prior order), the Family Court, Queens County (John M. Hunt, J.), granted the petition after finding that the preponderance of the evidence established that the respondent committed acts constituting harassment in the first or second degree. The court suspended judgment for a period of six months on condition that the respondent not commit any further family offenses against the petitioner or interfere with his lawful occupancy of the home in which they both lived.

By petitions dated January 16, 2013, and September 25, 2013, respectively, the petitioner alleged that the respondent had violated the prior order by, inter alia, changing the locks at the subject premises and interfering with his personal belongings.

The Family Court (Fran L. Lubow, J.) held a hearing on the petitions, and at the close of the petitioner's case, it granted the respondent's motion to dismiss the petitions for failure to make out a prima facie case. We reverse.

"In determining a motion to dismiss for failure to establish a prima facie case, the evidence must be accepted as true and given the benefit of every reasonable inference which may be drawn therefrom. The question of credibility is irrelevant, and should not be considered" (*Matter of Stephens v Stephens*, 106 AD3d 748, 748 [2013], quoting *Gonzalez v Gonzalez*, 262 AD2d

281, 282 [1999]; *see Matter of Mamantov v Mamantov*, 86 AD3d 540, 541 [2011]; *Matter of Ramroop v Ramsagar*, 74 AD3d 1208, 1209 [2010]).

Here, the petitioner established, prima facie, that the respondent violated the prior order. The Family Court therefore erred when it granted the respondent's motion to dismiss the petitions for failure to establish a prima facie case. Accordingly, we reverse the order appealed from, reinstate the petitions, and remit the matter to the Family Court, Queens County, for a new fact-finding hearing and a new determination of the petitions thereafter (*see Matter of Hagopian v Hagopian*, 66 AD3d 1021 [2009]).

The petitioner's remaining contentions are without merit or need not be reached in light of our determination. Chambers, J.P., Dickerson, LaSalle and Barros, JJ., concur.