■ In the Matter of NELLY SEALY, Appellant, v GRANTLEY SEALY, Respondent. [19 NYS3d 768]—Appeal from an order of the Family Court, Queens County (Dennis Lebwohl, J.), dated October 31, 2014. The order, upon the granting of the husband's motion, made at the close of the wife's case at a fact-finding hearing, to dismiss the petition for failure to make out a prima facie case, dismissed the petition.

Ordered that the order is affirmed, without costs or disbursements.

A family offense must be established by a fair preponderance of the evidence (*see* Family Ct Act § 832; *Matter of Tulshi v Tulshi*, 118 AD3d 716 [2014]; *Matter of Khan-Soleil v Rashad*, 108 AD3d 544 [2013]; *Matter of Thomas v Thomas*, 72 AD3d 834 [2010]). In determining a motion to dismiss for failure to establish a prima facie case, the evidence must be accepted as true and given the benefit of every reasonable inference which may be drawn therefrom (*see Matter of Oakes v Oakes*, 127 AD3d 1093 [2015]; *Matter of Mamantov v Mamantov*, 86 AD3d

540, 541 [2011]). Contrary to the wife's contention, accepting the evidence proffered in support of her petition as true and giving it the benefit of every reasonable inference, it failed to establish, prima facie, that the husband committed the family offenses of harassment in the second degree and disorderly conduct (*see Matter of Goldring v Sprei*, 121 AD3d 894, 895 [2014]; *Matter of Stephens v Stephens*, 106 AD3d 748 [2013]; *Matter of Sellers v Sellers-Boykin*, 72 AD3d 832 [2010]). Rivera, J.P., Leventhal, Miller and Duffy, JJ., concur.