Matter of Straight v Schrouter (2019 NY Slip Op 00445)





Matter of Straight v Schrouter


2019 NY Slip Op 00445


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2018-04629
 (Docket No. O-28698-17)

[*1]In the Matter of Melissa Straight, appellant,
v
Donovan Schrouter, respondent.


Marion C. Perry, Brooklyn, NY, for appellant.
Kenneth M. Tuccillo, Hastings-on-Hudson, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Kings County (Maria Arias, J.), dated March 12, 2018. The order, upon the granting of the respondent's motion, made at the close of the petitioner's case at a fact-finding hearing, to dismiss the petition for failure to establish a prima facie case, dismissed the petition.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner and the respondent have a child in common. On October 19, 2017, the petitioner filed a petition alleging that the respondent had committed various family offenses, including harassment in the first and second degrees. After the petitioner testified at the fact-finding hearing, the Family Court granted the respondent's motion to dismiss the petition for failure to establish a prima facie case. The petitioner appeals.
Contrary to the petitioner's contention, she was not deprived of the right to counsel (see Family Ct Act § 262[a][ii]) since she was represented at the hearing by the same counsel who was also representing the petitioner on a family offense petition she filed in 2015 (cf. Matter of Pugh v Pugh, 125 AD3d 663, 664; Matter of Collier v Norman, 69 AD3d 936, 937; Matter of Brown v Wood, 38 AD3d 769, 770).
The petitioner's further contention that the Family Court was biased against her is unpreserved for appellate review and, in any event, without merit (see Matter of Bowe v Bowe, 124 AD3d 645, 646).
"A family offense must be established by a fair preponderance of the evidence" (Matter of Thomas v Thomas, 72 AD3d 834, 835; see Family Ct Act § 832; Matter of Mayers v Thompson, 145 AD3d 1010, 1010; Matter of Sealy v Sealy, 134 AD3d 725, 725). "In determining a motion to dismiss for failure to establish a prima facie case, the evidence must be accepted as true and given the benefit of every reasonable inference which may be drawn therefrom" (Matter of Mamantov v Mamantov, 86 AD3d 540, 541; see Matter of Acevedo v Acevedo, 145 AD3d 773, 774; Matter of Oakes v Oakes, 127 AD3d 1093, 1093). Here, accepting the evidence proffered in support of her petition as true, and giving it the benefit of every reasonable inference, it failed to establish, [*2]prima facie, that the respondent committed the family offenses of harassment in the first or second degrees (see Matter of Sealy v Sealy, 134 AD3d at 726; Matter of Goldring v Sprei, 121 AD3d 894, 895; Matter of Stephens v Stephens, 106 AD3d 748, 748).
The petitioner's remaining contentions are either unpreserved for appellate review or without merit.
BALKIN, J.P., CHAMBERS, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court