Matter of Raquelina V. v Cristian J.N. (2019 NY Slip Op 08368)





Matter of Raquelina V. v Cristian J.N.


2019 NY Slip Op 08368


Decided on November 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2019

Friedman, J.P., Renwick, Richter, Mazzarelli, Oing, JJ.


10374

[*1] In re Raquelina V., Petitioner-Appellant,
v
Cristian J.N., Respondent-Respondent.


Geoffrey P. Berman, Larchmont, for appellant.
Law and Mediation Office of Helene Bernstein, PLLC, Brooklyn (Helene Bernstein of counsel), for respondent.



Order, Family Court, New York County (J. Machelle Sweeting, J.), entered on or about July 9, 2018, which, after a fact-finding hearing, dismissed with prejudice the petition seeking an order of protection against respondent, unanimously affirmed, without costs.
Petitioner failed to establish by a preponderance of the evidence that respondent had committed acts constituting disorderly conduct or harassment in the second degree (see Matter of Everett C. v Oneida P., 61 AD3d 489 [1st Dept 2009]; Penal Law §§ 240.20 and 240.26[3]). Petitioner's hearing testimony plainly contradicted the facts alleged in the family offense petition.
Even crediting petitioner's testimony, the offense of disorderly conduct was necessarily dismissed since there was no evidence that respondent intended to cause a public inconvenience, annoyance or alarm, or recklessly created such a risk, by threatening her over the telephone (see Matter of Janice M. v Terrance J., 96 AD3d 482, 483 [1st Dept 2012]). As for the offense of harassment in the second degree, petitioner failed to adduce evidence that would support a finding that respondent engaged in a course of conduct or repeatedly committed acts that alarmed or seriously annoyed petitioner and that served no legitimate purpose (see Penal Law § 240.26[3]). There exists no basis to disturb the court's credibility determinations (see Matter of Peter G v Karleen K., 51 AD3d 541 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 19, 2019
DEPUTY CLERK