Matter of Angel L. (Victor M.) (2020 NY Slip Op 02180)





Matter of Angel L. (Victor M.)


2020 NY Slip Op 02180


Decided on April 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2020

Renwick, J.P., Richter, Mazzarelli, Singh, JJ.


11347 -39/18

[*1]In re Angel L., and Others, Children Under the Age of Eighteen Years, etc., Administration for Children's Services, Petitioner-Appellant, Victor M.,Respondent-Respondent.


James E. Johnson, Corporation Counsel, New York (Cynthia Kao of counsel), for appellant.
Daniel R. Katz, New York, for respondent.



Order, Family Court, Bronx County (Michael R. Milsap, J.), entered on or about February 27, 2019, which granted respondent's prima facie motion to dismiss the neglect petitions against him, unanimously reversed, on the law, without costs, the motion denied, the petition against respondent reinstated, and the matter remitted to Family Court, Bronx County, to reopen and complete the fact-finding hearing.
On a motion to dismiss, the allegations in the petition, as well as the petitioner's evidence "must be accepted as true and given the benefit of every reasonable inference which may be drawn therefrom" (Matter of Oakes v Oakes, 127 AD3d 1093, 1093 [2d Dept 2015] [internal quotation marks omited]; see Matter of Ramroop v Ramsagar, 74 AD3d 1208, 1209 [2d Dept 2010]). When viewing the evidence in the light most favorable to petitioner and affording it the benefit of every inference, there is sufficient evidence in the record to establish that respondent was a person legally responsible for the subject children, and to meet petitioner's initial burden to show that the subject children were neglected. An Administration for Children's Services child protective supervisor testified that respondent had power over the children's environment by controlling the family's spending and exerting command over the mother's food stamps and social security cards, leaving the family unable to purchase necessities such as food and clothes (see Matter of Yolanda D., 88 NY2d 790, 796 [1996] [a factor in determining "whether a particular person has acted as the functional equivalent of a parent" is "the nature and extent of the control exercised by the person over the child's environment"]). The children also reported that often times they would not eat and would have to ask respondent if and when they could eat.
Moreover, it can be inferred from the testimony that respondent neglected the subject children by committing acts of violence against the mother. When it comes to acts of domestic violence against a parent, the child need not witness the act, and it is sufficient if the acts of domestic violence are "within the hearing of a child" (Matter of Jihad H., [Fawaz H.] 151 AD3d 1063, 1064 [2d Dept 2017]). The children reported that they heard the mother and respondent yelling and screaming with items being thrown around in the bedroom, and that the mother would emerge from the bedroom crying and with marks on her. Although the children did not witness the alleged acts of violence, the testimony indicated that respondent's behavior had a detrimental effect on the children. The children feared respondent and reported that he made [*2]sexual comments to them. As such, a reasonable inference can be made from the evidence presented prior to the dismissal motion that the children were placed at imminent risk of emotional or physical harm.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2020
CLERK