Matter of Daniel D. (Diana T.) (2020 NY Slip Op 02781)





Matter of Daniel D. (Diana T.)


2020 NY Slip Op 02781


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX, JJ.


2019-04243
 (Docket No. N-1848-17)

[*1]In the Matter of Daniel D. (Anonymous). Administration for Children's Services, respondent; Diana T. (Anonymous), appellant.


Angela Scarlato, Brooklyn, NY (Henry James Joseph of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Melanie T. West and Jessica Miller of counsel), for respondent.
Janet Neustaetter, Brooklyn, NY (Chai Park of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding of the Family Court, Kings County (Ben Darvil, Jr., J.), dated March 8, 2019. The order of fact-finding, after a hearing, found that the mother neglected the subject child.
ORDERED that the order of fact-finding is affirmed, without costs or disbursements.
To establish neglect, a petitioner must demonstrate by a preponderance of the evidence, "first, that [the] child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent . . . to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368; see Family Ct Act § 1012[f][i][B]). Actual or imminent danger of impairment is a prerequisite to a finding of neglect, as the focus must be on the existence of serious harm or potential harm to the child, not just on what might be considered undesirable parental behavior (see Nicholson v Scoppetta, 3 NY3d at 369).
Here, the Family Court's determination, made after a full evidentiary hearing, that the mother neglected the child is supported by a preponderance of the credible evidence (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]). The evidence established that the mother made, or instigated, repeated unfounded allegations of neglect or abuse against the father, necessitating that the young child undergo multiple medical examinations and interviews by police officers and caseworkers. The mother's repeated allegations, which she made in an effort to interfere with the father's parental access with the child and to damage the father's relationship with the child (see Matter of Forrest S.-R. [Shirley X.S.], 101 AD3d 734; Matter of Ramazan U., 303 AD2d 516, 517), presented an imminent danger of emotional impairment to the child and did not meet the minimum degree of care required of a "reasonable and prudent parent" (see Matter of Tyler W. [Janice B.], 149 AD3d 968; Matter of Ava M. [Michelle E.-M.], 127 AD3d 975; Matter of Salvatore M. [Nicole M.], 104 AD3d [*2]769). In view of this evidence supporting the finding of neglect, we need not decide whether the mother's less than ideal conduct in relation to the child's health issues would, if standing alone, rise to the level of neglect.
Accordingly, we affirm the Family Court's order of fact-finding.
SCHEINKMAN, P.J., MASTRO, BALKIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court