Matter of Wolfgang L. (Natalia A.) (2020 NY Slip Op 06263)





Matter of Wolfgang L. (Natalia A.)


2020 NY Slip Op 06263


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2020-01354
 (Docket No. N-8615-18)

[*1]In the Matter of Wolfgang L. (Anonymous). Administration for Children's Services, respondent; Natalia A. (Anonymous), appellant.


Larry S. Bachner, New York, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Scott Shorr and Deborah E. Wassel of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Claire V. Merkine of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Queens County (Joan L. Piccirillo, J.), dated January 7, 2020. The order of disposition, upon an order of fact-finding of the same court dated September 4, 2019, made after a fact-finding hearing, finding that the mother neglected the subject child, and after a dispositional hearing, inter alia, released the child to the custody of the nonrespondent father.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
The Administration for Children's Services commenced this proceeding pursuant to Family Court Act article 10 against the mother, alleging that she neglected the subject child, inter alia, due to being so intoxicated that she was unable to care for the child. After a fact-finding hearing, the Family Court determined that the mother neglected the child. After a dispositional hearing, the court, among other things, released the child to the custody of the nonrespondent father. The mother appeals.
The petitioner in a child neglect proceeding must demonstrate, by a preponderance of the evidence (see Family Ct Act § 1046[b][i]), that a parent's failure to use a minimum degree of care in providing proper supervision or guardianship resulted in a child's physical, mental, or emotional condition being impaired or placed in imminent danger of becoming impaired (see Family Ct Act § 1012[f][i][B]; Nicholson v Scoppetta, 3 NY3d 357, 368). "Actual or imminent danger of impairment is a prerequisite to a finding of neglect, as the focus must be on the existence of serious harm or potential harm to the child, not just on what might be considered undesirable parental behavior" (Matter of Daniel D. [Diana T.], 183 AD3d 727, 728; see Matter of Jamie J. Michelle E.C., 30 NY3d 275, 284).
Here, a preponderance of the evidence demonstrated that the mother, the sole [*2]caretaker of the then nine-month-old child, was so intoxicated that she could not properly care for the child. Therefore, we agree with the Family Court's determination that the mother thereby neglected the child by placing him in imminent danger of impairment (see Matter of Liarah H. [Dora S.], 111 AD3d 514, 515; Matter of Alaysha E. [John R.E.], 94 AD3d 988, 989). We decline to disturb the court's credibility findings, which are accorded considerable deference unless clearly unsupported by the record (see Matter of Joseph L. [Cyanne W.], 168 AD3d 1055, 1056).
There is no merit to the mother's contention that the Family Court erred in admitting a test result which demonstrated her blood alcohol level after she was transported to the hospital (see generally Rodriguez v Triborough Bridge & Tunnel Auth., 276 AD2d 769).
The mother's remaining contentions are unpreserved for appellate review and, in any event, without merit.
BALKIN, J.P., COHEN, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court