Matter of Isabela P. (Jacob P.) (2021 NY Slip Op 03590)





Matter of Isabela P. (Jacob P.)


2021 NY Slip Op 03590


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2020-01085
 (Docket No. N-12212-17)

[*1]In the Matter of Isabela P. (Anonymous). Administration for Children's Services, respondent; 
and
Jacob P. (Anonymous), appellant.


Geanine Towers, Brooklyn, NY, for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Jeremy W. Schweder and Cynthia Kao of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Diane Pazar of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Queens County (Diane Costanzo, J.), dated September 4, 2019. The order of disposition, upon an order of fact-finding of the same court dated May 6, 2019, made after a fact-finding hearing, finding that the father neglected the subject child, and after a dispositional hearing, inter alia, released the child to the custody of the nonrespondent mother.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
On June 16, 2017, the petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that the father neglected the subject child by failing to provide adequate supervision and guardianship. After a fact-finding hearing, the Family Court found that the father neglected the child. After a dispositional hearing, the court, inter alia, released the child to the custody of the nonrespondent mother. The father appeals. We affirm.
"[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [citation omitted]; see Family Ct Act § 1012[f][i][B]. Actual or imminent danger of impairment is a prerequisite to a finding of neglect, as the focus must be on the existence of serious harm or potential harm to the child, not just on what might be considered undesirable parental behavior (see Nicholson v Scoppetta, 3 NY3d at 369).
"'The credibility findings of the Family Court should be accorded great deference, as it had direct access to the parties and was in the best position to evaluate their testimony, [*2]character, and sincerity'" (Matter of William U.L. [Rachel D.H.], 139 AD3d 732, 733, quoting Matter of Derrick D.A. [Shavonna L.L.D.], 134 AD3d 928, 929). Here, the Family Court's determination, made after a full evidentiary hearing, that the father neglected the child is supported by a preponderance of the credible evidence (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]). The evidence supported the court's determination that the father falsely reported on multiple occasions in 2015 and 2017 that the mother was sexually abusing the child, that these allegations were made in the presence of the child, and that the father encouraged the child to corroborate these false allegations. The false reports resulted in the child being interviewed by detectives, social workers, and attorneys, and exposed her to the possibility of intrusive physical examinations. The evidence further supported the court's determination that the father knew the allegations to be false when he made them, and that he intended to continue making false reports of sexual abuse against the mother. Overall, the father's repeated allegations, which he made in an effort to damage the mother's relationship with the child, presented an imminent danger of emotional impairment to the child and did not meet the minimum degree of care required of a reasonable and prudent parent (see Matter of Leilani D. [Linsford D.], 190 AD3d 478; Matter of Daniel D. [Diana T.], 183 AD3d 727, 728; Matter of Kevin M.H. [Kenneth H.], 76 AD3d 1015, 1016).
Accordingly, we affirm the order of disposition.
RIVERA, J.P., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court