Matter of Destiny B. (Anthony R.) (2022 NY Slip Op 01997)





Matter of Destiny B. (Anthony R.)


2022 NY Slip Op 01997


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2021-04018
 (Docket No. N-2027-19)

[*1]In the Matter of Destiny B. (Anonymous). Dutchess County Department of Community and Family Services, respondent; Anthony R. (Anonymous), etc., appellant.


Yasmin Daley Duncan, Brooklyn, NY, for appellant.
Caroline E. Blackburn, County Attorney, Poughkeepsie, NY (Thomas P. Delpizzo of counsel), for respondent.
Karen C. Palumbo, Poughkeepsie, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of fact-finding of the Family Court, Dutchess County (Tracy C. MacKenzie, J.), entered May 24, 2021. The order of fact-finding, after a hearing, found that the father neglected the subject child.
ORDERED that the order of fact-finding is affirmed, without costs or disbursements.
In May 2019, the Dutchess County Department of Community and Family Services (hereinafter DCFS) commenced this proceeding pursuant to Family Court Act article 10 against the father of a child who had been in foster care since her birth in May 2019. DCFS alleged, inter alia, that the father neglected the child by failing to appropriately and effectively plan for her care.
After a fact-finding hearing, the Family Court found that the father neglected the child by refusing to work with DCFS to plan for the care and needs of the child. The father appeals.
"[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [citation omitted]; see Family Ct Act § 1012[f][i][B]; Matter of Isabela P. [Jacob P.], 195 AD3d 722, 723). Proof of actual or imminent danger of impairment is a prerequisite to a finding of neglect, as the focus must be on the existence of serious harm or potential harm to the child, not just on what might be considered undesirable parental behavior (see Nicholson v Scoppetta, 3 NY3d at 369; Matter of Isabela P. [Jacob P.], 195 AD3d at 723).
"'The credibility findings of the Family Court should be accorded great deference, [*2]as it had direct access to the parties and was in the best position to evaluate their testimony, character, and sincerity'" (Matter of Isabela P. [Jacob P.], 195 AD3d at 723, quoting Matter of William U.L. [Rachel D.H.], 139 AD3d 732, 733 [internal quotation marks omitted]). Here, the Family Court's finding that the father neglected the child is supported by a preponderance of the evidence. The evidence adduced at the fact-finding hearing, together with the adverse inference that the court drew against the father based upon his failure to testify (see Matter of Dior Z.J. [Dior J.], 139 AD3d 1065, 1067; Matter of Honesti H. [Ted H.], 126 AD3d 972, 973), supported the court's finding that the child was at imminent risk of harm as a result of the father's failure to work with DCFS or follow through on any of his parental obligations, including his responsibility to adequately plan for her care (see e.g. Matter of Evan T. [Shaquela T.], 155 AD3d 964, 966; Matter of Ariel R. [Danielle K.], 118 AD3d 1010, 1010).
The father's remaining contentions are without merit.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court