Matter of Sabatino v Alagona (2023 NY Slip Op 01093)

Matter of Sabatino v Alagona

2023 NY Slip Op 01093

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2022-02843
 (Docket No. O-00304-22)

[*1]In the Matter of Cindy Sabatino, appellant,
v
Anthony Alagona, respondent.

Thomas J. Butler, Melville, NY, for appellant.
Picarello & Saciolo, P.C., Islandia, NY (Nicholas E. Arazoza of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Suffolk County (James F. Quinn, J.), dated March 18, 2022. The order, in effect, granted the respondent's motion, made at the close of the petitioner's case at a fact-finding hearing, to dismiss the petition for failure to establish a prima facie case, vacated a temporary order of protection, and dismissed the petition.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner and the respondent have one child in common. The petitioner filed a petition alleging that the respondent had committed various family offenses, including harassment in the first and second degrees. After the petitioner and the respondent testified at a fact-finding hearing, the Family Court, in effect, granted the respondent's motion to dismiss the petition for failure to establish a prima facie case, vacated a temporary order of protection, and dismissed the petition. The petitioner appeals, and we affirm.
"A family offense must be established by a fair preponderance of the evidence" (Matter of Thomas v Thomas, 72 AD3d 834, 835; see Family Ct Act § 832). "'In determining a motion to dismiss for failure to establish a prima facie case, the evidence must be accepted as true and given the benefit of every reasonable inference which may be drawn therefrom'" (Matter of Straight v Schrouter, 168 AD3d 954, 955, quoting Matter of Mamantov v Mamantov, 86 AD3d 540, 541).
Contrary to the petitioner's contention, accepting the evidence proffered in support of the petition as true, and giving it the benefit of every reasonable inference, it failed to establish, prima facie, that the respondent committed the family offenses of harassment in the first or second degrees (see Matter of Straight v Schrouter, 168 AD3d at 955; Matter of Sealy v Sealy, 134 AD3d 725; Matter of Stephens v Stephens, 106 AD3d 748).
The petitioner's remaining contention is without merit.
BARROS, J.P., MALTESE, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court