Matter of Johnson v Pratt (2023 NY Slip Op 02002)

Matter of Johnson v Pratt

2023 NY Slip Op 02002

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2022-02849
 (Docket No. O-5863-21)

[*1]In the Matter of Maxine Johnson, appellant,
v
Brian Pratt, respondent.

Maxine Johnson, Brooklyn, NY, appellant pro se.
Karen P. Simmons, Brooklyn, NY (Rachel J. Stanton and Janet Neustaetter of counsel; Connor Gregory on the brief), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of dismissal of the Family Court, Kings County (Valerie Waldeier, Ct. Atty. Ref.), dated March 17, 2022. The order of dismissal, upon an order of the same court also dated March 17, 2022, in effect, granting the respondent's motion, joined by the attorney for the child, made at the close of the petitioner's case at a fact-finding hearing, to dismiss the petition for failure to establish a prima facie case, dismissed the petition. The notice of appeal from the order is deemed to be a notice of appeal from the order of dismissal (see CPLR 5512[a]).
ORDERED that the order of dismissal is affirmed, without costs or disbursements.
The petitioner and the respondent have one child in common. The petitioner commenced this family offense proceeding, alleging that the respondent committed various family offenses, including harassment in the second degree, aggravated harassment in the second degree, and disorderly conduct. After the petitioner testified at a fact-finding hearing, the Family Court, in effect, granted the respondent's motion, joined by the attorney for the child, to dismiss the petition for failure to establish a prima facie case and dismissed the petition. The petitioner appeals.
"A family offense must be established by a fair preponderance of the evidence" (Matter of Thomas v Thomas, 72 AD3d 834, 835; see Family Ct Act § 832). "In determining a motion to dismiss for failure to establish a prima facie case, the evidence must be accepted as true and given the benefit of every reasonable inference which may be drawn therefrom" (Matter of Mamantov v Mamantov, 86 AD3d 540, 541 [internal quotation marks omitted]; see Matter of Straight v Schrouter, 168 AD3d 954, 955).
Here, contrary to the petitioner's contention, accepting the evidence proffered in support of her petition as true, and giving it the benefit of every reasonable inference, the petitioner failed to establish, prima facie, that the respondent committed a family offense (see Matter of Straight v Schrouter, 168 AD3d at 955; Matter of Sealy v Sealy, 134 AD3d 725, 726; Matter of Mamantov v Mamantov, 86 AD3d at 541).
The petitioner's remaining contentions are either without merit or not properly before [*2]this Court.
BRATHWAITE NELSON, J.P., GENOVESI, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court