Matter of Escobar v Argueta-Hernandez (2024 NY Slip Op 03425)

Matter of Escobar v Argueta-Hernandez

2024 NY Slip Op 03425

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-04473
 (Docket No. O-16287-22)

[*1]In the Matter of Angelica M. Escobar, appellant, 
v
Delmy S. Argueta-Hernandez, respondent.

Salvatore C. Adamo, New York, NY, for appellant.
Darla A. Filiberto, Islandia, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Suffolk County (Catherine E. Miller, Ct. Atty. Ref.), dated April 7, 2023. The order, insofar as appealed from, in effect, granted the respondent's motion, made at the close of the petitioner's case at a fact-finding hearing, to dismiss so much of the petition as alleged that the respondent committed the family offense of harassment in the second degree for failure to establish a prima facie case, vacated a temporary order of protection, and dismissed the petition.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The petitioner filed a petition alleging that the respondent, her half-sister, had committed various family offenses, including harassment in the second degree. After the petitioner testified at a fact-finding hearing, the Family Court, inter alia, in effect, granted the respondent's motion to dismiss so much of the petition as alleged that the respondent committed the family offense of harassment in the second degree for failure to establish a prima facie case, vacated a temporary order of protection, and dismissed the petition. The petitioner appeals.
"'A family offense must be established by a fair preponderance of the evidence'" (Matter of Sabatino v Alagona, 214 AD3d 664, 664, quoting Matter of Thomas v Thomas, 72 AD3d 834, 835; see Family Ct Act § 832). "In determining a motion to dismiss for failure to establish a prima facie case, the evidence must be accepted as true and given the benefit of every reasonable inference which may be drawn therefrom" (Matter of Sabatino v Alagona, 214 AD3d at 665 [internal quotation marks omitted]; see Matter of Straight v Schrouter, 168 AD3d 954, 955).
Contrary to the petitioner's contention, accepting the evidence proffered in support of the petition as true, and giving it the benefit of every reasonable inference, the petitioner failed to establish, prima facie, that the respondent committed the family offense of harassment in the second degree (see Matter of Sabatino v Alagona, 214 AD3d at 665; Matter of Straight v Schrouter, 168 AD3d at 955).
BARROS, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court