Matter of Stibrany v Lamprea (2024 NY Slip Op 03758)

Matter of Stibrany v Lamprea

2024 NY Slip Op 03758

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2023-08019
 (Docket No. O-609-23)

[*1]In the Matter of Janneth Stibrany, appellant, 
v
Jackelin Lamprea, respondent.

Kelli M. O'Brien, Goshen, NY, for appellant.
Samuel S. Coe, White Plains, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Orange County (Carol S. Klein, J.), dated August 17, 2023. The order, upon, in effect, the granting of the respondent's motion, made at the close of the petitioner's case at a fact-finding hearing, to dismiss the petition for failure to establish a prima facie case, dismissed the petition.
ORDERED that the order is reversed, on the law, without costs or disbursements, the respondent's motion to dismiss the petition is denied, the petition is reinstated, and the matter is remitted to the Family Court, Orange County, for further proceedings in accordance herewith.
In February 2023, the petitioner commenced this family offense proceeding against the respondent, her niece. At the close of the petitioner's case at a fact-finding hearing, the Family Court, in effect, granted the respondent's motion to dismiss the petition for failure to establish a prima facie case. The petitioner appeals.
"In a family offense proceeding, the petitioner has the burden of establishing that the charged conduct was committed as alleged in the petition by a fair preponderance of the evidence" (Matter of Prince v Ford, 195 AD3d 724, 724, citing Family Ct Act § 832). "In determining a motion to dismiss for failure to establish a prima facie case, the evidence must be accepted as true and given the benefit of every reasonable inference which may be drawn therefrom. The question of credibility is irrelevant, and should not be considered" (Matter of Brown v Brown, 127 AD3d 969, 969 [internal quotation marks omitted]; see Matter of Prezioso v Prezioso, 79 AD3d 1043, 1043).
Here, the Family Court failed to properly apply this standard (see Matter of Prezioso v Prezioso, 79 AD3d at 1043). Viewing the petitioner's evidence in the light most favorable to her and accepting it as true without considering matters of credibility, the petitioner established, prima face, that the respondent committed acts constituting the family offenses of assault in the third degree and aggravated harassment in the second degree (see Family Ct Act § 812[1]; Penal Law §§ 120.00[1]; 240.30[1][a]; Matter of Janczewski v Janczewski, 169 AD3d 795, 797-798). Accordingly, the court should have denied the respondent's motion to dismiss the petition for failure to establish a prima facie case (see Matter of Brown v Brown, 127 AD3d at 969; Matter of Prezioso v Prezioso, 79 AD3d at 1044). We therefore remit the matter to the Family Court, Orange County, for a [*2]continued fact-finding hearing and a new determination thereafter of the petition (see Matter of Oakes v Oakes, 127 AD3d 1093, 1094).
In light of our determination, we need not reach the petitioner's remaining contention.
DILLON, J.P., DOWLING, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court