Matter of L.R.E. (LaPorsche E.) (2025 NY Slip Op 06250)

Matter of L.R.E. (LaPorsche E.)

2025 NY Slip Op 06250

Decided on November 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 13, 2025

Before: Kern, J.P., Friedman, Kapnick, Shulman, Hagler, JJ. 

Docket No. NN-00627/23|Appeal No. 5147|Case No. 2024-06468|

[*1]In the Matter of L.R.E., A Child Under Eighteen Years of Age, etc., LaPorsche E., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Larry S. Bachner, New York, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Eva L. Jerome of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the child.

Order of fact-finding and disposition (one paper), Family Court, New York County (Grace Oboma-Layat, J.), entered on or about September 25, 2024, which, upon her mother's default, determined that the mother neglected the subject child, to the extent it brings up for review the denial of her motion to dismiss the petition for failure to establish a prima facie case of neglect and the denial of her request for an adjournment, unanimously affirmed, without costs.
No appeal lies from an order issued on default (see CPLR 5511; see Matter of Michael T. L. [Schadracia L.—Micka L.], 236 AD3d 519, 520 [1st Dept 2025]). Nonetheless, we consider the appeal insofar as it brings up for review issues that were decided by Family Court and that were "the subject of contest below" before the mother's default (see Matter of Jada J. [Reginald J.], 210 AD3d 499, 500 [1st Dept 2022]; Darlene H. v Abdus R., 204 AD3d 550, 551 [1st Dept 2022]).
Viewing the evidence in the light most favorable to petitioner and giving it the benefit of every reasonable inference, petitioner made out a prima facie case of neglect (see Matter of Angel L. [Victor M.], 182 AD3d 429, 429 [1st Dept 2020]). Petitioner alleged that on January 19, 2023, the mother neglected the child by abusing alcohol and becoming intoxicated in the hallway of an apartment building. Through documentary evidence, as well as the testimony of a police officer and an emergency medical technician who were called to the scene, petitioner established that the mother, who was the two-month-old child's sole caretaker, permitted a resident of the building to take the child to the resident's apartment while the mother consumed alcohol and marijuana to the point of intoxication so severe that she had to be hospitalized. The record also established that the building resident, who was concerned enough about the mother's condition that she volunteered to watch the child and then called 911, was at most a casual acquaintance of the mother and was not known to the child. Even though the child was not actually harmed, the mother's poor judgment about the child's care, coupled with her misuse of alcohol, placed the child in imminent danger of physical harm (see Family Court Act § 1012[f][i][B]; Matter of Nylah E. [Noemi C.], 184 AD3d 467, 467-468 [1st Dept 2020]).
Under these circumstances, Family Court properly denied the mother's motion to dismiss for failure to establish a prima facie case (see Matter of Caleah C.M.S. [Calvin S.], 174 AD3d 457, 458 [1st Dept 2019]; see also Matter of Wolfgang L., 188 AD3d 688, 689 [2d Dept 2020]). This conclusion holds true even though the record establishes the occurrence of only a single incident, as the mother's judgment during that incident was severely impaired and the child was exposed to a risk of substantial harm (Matter of Liarah H. [Dora S.], 111 AD3d 514, 515 [1st Dept 2013]).
Family Court providently exercised its discretion in denying the mother's request for an adjournment of the fact-finding hearing when she failed to appear, for the second time in several months, on the day she was scheduled to testify, without contacting her attorney or offering any excuse for her absence (see Matter of Nautica Skyy W., 198 AD3d 589, 589 [1st Dept 2021]). Further protraction of the proceedings was not in the child's best interests, and the record shows that the mother also had a history of failing to appear at visitations without warning or explanation (see Matter of Naethael Makai A. [Adwoa A.], 135 AD3d 438, 439 [1st Dept 2016]; Matter of Ramon David W., 290 AD2d 357, 357 [1st Dept 2002]).
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 13, 2025